PEOPLE v. NORTON.

1. INTOXICATING LIQUORS — ILLEGAL POSSESSION — KNOWLEDGE OF POSSESSION.

Where a truck driver was employed to transport a load of household goods, and among them was a box containing intoxicating liquor, knowledge of which he disclaimed, if the circumstances were such as to put a reasonable man on inquiry and he made no effort to ascertain the contents of the box, his lack of knowledge would be no defense to a charge of unlawful possession.

2. SAME — QUESTION OF KNOWLEDGE OF POSSESSION FOR JURY — DIRECTED VERDICT.

Under the circumstances, the driver was entitled to have submitted to the jury, under proper instructions, the question as to whether he had knowledge or was charged with knowledge of the fact that he had intoxicating liquor in his possession, and the court erred in directing a verdict of guilty as charged.

Error to Montcalm; Hawley (Royal A.), J. Submitted June 14, 1928. (Docket No. 127, Calendar No. 33,715.) Decided July 24, 1928.

Arthur Norton was convicted of violating the liquor law. Reversed.

*Rarden & Rarden,* for appellant.

*Wilber M. Brucker,* Attorney General, and *D. Hale Brake,* Prosecuting Attorney, for the people.

McDONALD, J. The defendant was convicted on a charge of the unlawful possession and transportation of intoxicating liquor. He had been employed by one Richard Johnson to transport a truckload of household goods from a warehouse in Grand Rapids to

Johnson's home in Montcalm county, Michigan.  · He owned the truck and assisted in loading the goods. Among the goods were several paper cartons.    In one of these, covered with a paper and a burlap sack, were two gallons of moonshine whisky.    After loading the truck he drove to· Johnson's farm.    Officers of Montcalm county were there searching for liquor.    They had found some in the house and barn and suspected that more might be on the truck.    The officers claim that the defendant went into the house, held a whispered conversation with Johnson and hurriedly started for the truck.    They asked him if he had any liquor in his load, and he replied that there was none that he knew of.    A search revealed the cartons containing two gallons of moonshine whisky.    At the trial, the ·defendant was a witness and· testified that he supposed the load contained household goods only, and that he had no knowledge of the whisky.    At the conclusion of the proof, the court directed the jury to find the defendant guilty as charged.    He reviews his conviction by writ of error.

The only error relied on relates to the action of the court in instructing the jury that, under his own testimony, the defendant was guilty as charged.    It is quite apparent that in directing the verdict the circuit judge relied on the holding of this court in *People* v. *Avery,* 236 Mich. 549. ,  The cases are readily distinguishable in their facts.    In the *Avery Case,* the load which defendant was transporting consisted entirely of liquor put up in such a manner as to put an ordinarily reasonable man on inquiry.    In the instant case, the load was mostly household goods.    However, the box containing the liquor was open.    Defendant assisted in loading it.    They placed it just behind the cab under some articles of furniture, but it was easy of access if defendant had desired to examine it.    It was in his possession, and under the statute

knowledge of possession is presumed.      But he testified that he had no knowledge of it.      If the circumstances were such as to put a reasonable man on inquiry and he made no effort to ascertain the contents of the box, his lack of knowledge would be no defense to a charge of unlawful possession.      Such is the holding of this court in the *Avery Case*. Under all of the circumstances in the instant case, the defendant was entitled to have submitted to the jury under proper instructions the question whether he had knowledge or was charged with knowledge of the fact that he had intoxicating liquor in his possession.      The court erred in directing a verdict of guilty as charged.

The judgment of conviction is reversed and a new trial granted.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, and SHARPE, JJ., concurred.      POTTER J., did not sit.